IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
NOV 0 7 2005
CHRIS R. JOHNSON, CLERK
BY _____
       DEPUTY CLERK

| | |
|---|---|
| JOHN GRAY, Individually and as the Administrator of the Estate of Shirley Gray §§§§<br><br>V. §<br>§<br>Plaintiff, §§<br>§ CASE NO. ___05-6078___<br>MERCK & CO., INC., A Foreign Corporation; § And Fictitious Defendants A, B, C & D, Being § Those Persons, Firms or Corporations Whose Fraud, Scheme to Defraud, and/or Other Wrongful Conduct Caused or Contributed to the Plaintiff's Injuries and Damages, and Whose True Names and Identities are Presently Unknown to Plaintiff But Will Be Substituted By Amendment When Ascertained<br><br>Defendants. | |

## NOTICE OF REMOVAL OF DEFENDANT MERCK & CO., INC.

PLEASE TAKE NOTICE that Merck & Co., Inc. ("Merck"), hereby removes this action pursuant to 28 U.S.C. § 1441 from the Circuit Court of Garland County, Arkansas, to the United States District Court for the Western District of Arkansas, and respectfully states to this Court as follows:

1. <u>State Court Action</u>. This is an action filed on or about June 14, 2005, in the Circuit Court of Garland County, Arkansas as number CV-2005-937-III on the docket of said court and styled *John Gray, Individually and as Administrator of the Estate of Shirley Gray v. Merck & Co., Inc.* Merck was served with process in this matter on October 11, 2005. Accordingly, removal is timely pursuant to 28 U.S.C. § 1446(b).

2.     <u>Jurisdiction</u>. Upon information and belief, Plaintiff is and was a citizen of the State of Arkansas. Merck is, and was at the time this suit was commenced, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey, and therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1). Accordingly, there is complete diversity between Plaintiff and Merck. The Complaint also includes a number of fictitious defendants, whose citizenships are ignored for removal purposes. 28 U.S.C. § 1441(a).

3.     <u>Amount in Controversy Satisfied</u>. It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000.00, exclusive of costs and interest. Plaintiff alleges that Plaintiff's deceased wife suffered a fatal heart attack as a result of ingesting VIOXX®. (Complaint at ¶ 4.) Plaintiff alleges fraud, negligence, products liability, and breach of warranty on the part of Merck. Plaintiff is seeking, without limitation, (1) compensatory damages for a fatal heart attack, and (2) punitive damages. (Complaint at ¶ 33, 34.) Suits alleging fraud and requesting punitive damages in Arkansas have been held to satisfy the amount in controversy. *See Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001 (W.D. Ark. 1996) (suit for fraud, negligence, and breach of warranty that alleged punitive damages was sufficient to satisfy amount in controversy threshold). In addition, federal courts around the country have ruled that federal diversity jurisdiction exists in similar actions

alleging personal injuries caused by VIOXX®. *See, e.g., Stubblefield v. Merck & Co., Inc.*, CIV-No. H-02-3139 (S.D. Tex. Oct. 8, 2002); *Zeedyk v. Merck & Co., Inc.*, No. 02-C-4203 (N.D. Ill. Aug. 30, 2002); *Abrusley v. Merck & Co., Inc.*, No. 02-0196 (W.D. La. June 18, 2002); *Jones v. Merck & Co., Inc.*, Civ. No. 02-00186 (D. Haw. June 5, 2002). These courts were all presented with complaints seeking actual damages for injuries caused by VIOXX® and all found that the requirements for federal diversity jurisdiction, including the amount in controversy, were satisfied.

4. Venue. Venue of this removal is proper under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

5. State Court Documents attached. As required by 28 U.S.C. § 1446(a), attached as Exhibit 1 are copies of all process, pleadings, and orders served upon defendant in the removed case.

6. State Court Notice. Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this action has been given simultaneously to Plaintiff's counsel, and a Notice of Filing of Notice of Removal is simultaneously being filed with the Circuit Court of Garland County, Arkansas. A true and correct copy of this Notice is attached hereto as Exhibit 2.

7. Relief Requested. Merck respectfully requests that the United States District Court for the Western District of Arkansas, Hot Springs Division,

accept this notice of removal and that it assume jurisdiction of this cause and issue such further orders and processes as may be necessary to bring before it all parties necessary for trial.

Respectfully submitted,

JAMES M. SIMPSON, #77125
MARTIN A. KASTEN, #99100
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201-3493
(501) 376-2011
simpson@fec.net
mkasten@fec.net

Attorneys for Defendant
Merck & Co., Inc.

By: _____
MARTIN A. KASTEN

## CERTIFICATE OF SERVICE

I, Martin A. Kasten, do hereby certify that a true and correct copy of the foregoing was sent first-class U.S. Mail, postage prepaid, on this 4th day of November, 2005, to the following:

Roman A. Shaul
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, AL 36103-4160

_____
MARTIN A. KASTEN

4

25,2005 12:31 FR HUGHES HUBBF  2015360795 TO 150124  Case 6:05-cv-06078-HFB   Document 1   Filed 11/07/05   Page 5 of 19 PageID #: 5  P.02/16

05 04:47:38 PM      April Worley         3349547555           Page 4

IN THE EIGHTEENTH JUDICIAL CIRCUIT COURT
FOR GARLAND COUNTY, ARKANSAS

JOHN GRAY, individually and as
The Administrator of the Estate of
SHIRLEY GRAY, Deceased

    Plaintiff,

v.

CASE NO. CV-2005-937-III

MERCK & COMPANY, INC., a foreign
Corporation; and fictitious defendants A,
B, C & D, Being those persons, firms or
corporations whose fraud, scheme to
defraud, and/or other wrongful conduct
caused or contributed to the Plaintiff's
injuries and damages, and whose true
names and identities are presently
unknown to Plaintiff, but will be
substituted by amendment when
ascertained,

    Defendants.

JURY TRIAL DEMANDED

## COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff John Gray is over the age of 19 years and is a resident of Garland County, Arkansas.

2. Defendant Merck & Co., Inc. (hereinafter referred to as "Merck"), is incorporated in the State of New Jersey and has its principal place of business in White House Station, New Jersey. At all times relevant herein, Merck was in the business of designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling and distributing pharmaceuticals and other products, including Vioxx®. Merck does business by agent in Arkansas and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed Vioxx® in Garland County, Arkansas. Defendant Merck can be served



EXHIBIT 1

25, 2005 12:31 FR HUGHES HUBB   Case 6:05-cv-06078-HFB   Document 1   Filed 11/07/05   Page 6 of 19 PageID #: 6
                                              2015360755 TO 150124        387        P.03/10

05 04:48:38 PM        April Worley              3349547555              Page 5

through its registered agent The Corporation Company, 425 West Capitol Avenue, Suite 1700, Little Rock, Arkansas, 72201.

3. When the word "Defendants" is used herein, it is meant to Merck & Co., Inc (hereinafter, "Merck"), who is jointly and severally liable to Plaintiff John Gray for the injuries of his decedent, Shirley Gray.

## STATEMENT OF THE FACTS

4. This is a civil action brought on behalf of the above-styled Plaintiff, John Gray, whose wife, Shirley Gray, was prescribed and used the prescription medication Vioxx® (Rofecoxib), and suffered a fatal heart attack at age 65 as a result. Pursuant to Arkansas Code Annotated § 16-58-118, this action seeks monetary damages for injuries and damages caused by, Vioxx® (Rofecoxib).

5. Personal jurisdiction and subject matter jurisdiction are appropriate in this court as to all Defendants, as all Defendants have done business in Garland County, either directly or by agent, and have thus availed themselves of this jurisdiction.

6. The Defendants have been and/or are currently engaged in business, directly or by authorized agent, in Garland County, Arkansas. Venue and jurisdiction are therefore proper. The claims of the Plaintiff herein satisfy the jurisdictional amount of this Court.

7. Vioxx® (Rofecoxib), is a prescription drug designed to treat pain through reduced inflammation; Vioxx® (Rofecoxib) is a cox-2 selective non-steroidal anti-inflammatory agent (NSAID). Defendants did manufacture, design, package, market, sell and distribute this drug. The Defendants encouraged the use of this drug through an aggressive marketing campaign, including through its detail sales representatives and direct-to-consumers. Defendants misrepresented the safety and effectiveness of this drug and concealed or understated its

2

dangerous side effects. Defendants' actions combined and contributed to cause Plaintiff's injuries, and thus are jointly and severally liable.

8. At all times relevant hereto, Defendants actually knew of the defective nature of their product as herein set forth, yet continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by these products. Defendants' conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to the Plaintiff's decedent's individual rights, and hence punitive damages are appropriate.

## COUNT I

9. Plaintiff alleges all prior paragraphs of this complaint as if fully set out herein.

10. The pharmaceutical Vioxx® (Rofecoxib) designed, manufactured, sold and/or supplied by one or more of these Defendants, was placed into the stream of commerce in a defective and unreasonably dangerous condition as designed, taking into account the utility of the product and the risk involved in its use.

11. Further, the pharmaceutical Vioxx® (Rofecoxib) designed, manufactured, distributed, sold and/or supplied by one or more of these Defendants was defective in its marketing due to inadequate warnings or instructions, independently and when coupled with its aggressive marketing campaign.

12. The pharmaceutical Vioxx® (Rofecoxib) designed, manufactured, distributed, sold and/or supplied by one or more of these Defendants was defective due to inadequate testing.

3

13. Additionally, Defendants failed to provide timely and adequate warnings or instructions after the manufacturer knew of the risk of injury from Vioxx® (Rofecoxib). The defective nature of this product is a contributing cause of Plaintiff's decedent's injuries.

WHEREFORE, the Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus cost.

## COUNT II

14. Plaintiff realleges all prior paragraphs of this complaint as if fully set out herein.

15. Defendants had a duty to exercise reasonable care in the design, manufacture, marketing, sale, testing and/or distribution of Vioxx® (Rofecoxib) into the stream of commerce. Defendants failed to exercise ordinary care in the design, manufacture, marketing, sale, testing and/or distribution of Vioxx® (Rofecoxib) into the stream of commerce. Defendants knew or should have known that Vioxx® (Rofecoxib) created an unreasonable risk of bodily harm, including the risk of death.

16. Despite the fact that the Defendants knew or should have known that Vioxx® (Rofecoxib) caused unreasonably dangerous side effects which many users would be unable to remedy by any means, the Defendants continued to market Vioxx® (Rofecoxib) to the consuming public when there were adequate and safer alternative methods of treatment or opportunities for more meaningful warnings.

17. Defendants knew or should have known that consumers such as Shirley Gray would foreseeably suffer injury or death as a result of the Defendants' failure to exercise ordinary care as described herein. Defendants' negligence was a contributing cause of Shirley Gray's injuries including her eventual death, and Plaintiff's economic and non-economic loss.

4

25. 2005 12:34 FR HUGHES HUBB 2015360755 TO 150124 387 P.06/10
Case 6:05-cv-06078-HFB Document 1 Filed 11/07/05 Page 9 of 19 PageID #: 9

05 04:48:49 PM         April Worley         3348547555         Page 6

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus cost.

## COUNT III

18. Plaintiff realleges all prior paragraphs of this complaint as if fully set out hereto.

19. Defendants made express representations to Plaintiff's decedent relative to its product, Vioxx® (Rofecoxib).

20. Defendants, through their detail sales representatives, made representations regarding the safety and efficacy of its product, Vioxx® (Rofecoxib).

21. Vioxx® (Rofecoxib) does not conform to the express representations made to the Plaintiff's decedent.

22. Vioxx® (Rofecoxib) does not conform to the express representations made by the Defendants' agents/sales representatives.

23. Defendants' conduct in this matter was contributing cause of injuries and damages suffered by Plaintiff and her decedent.

WHEREFORE, Plaintiff demands judgment against the Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus cost.

## COUNT IV

24. Plaintiff realleges all prior paragraphs of the Complaint as if fully set out herein.

25. At the time Defendants marketed, sold and distributed Vioxx® (Rofecoxib) for use by the general consuming public, including Plaintiff's decedent, Shirley Gray, the

5

Defendants knew of the use for which Vioxx® (Rofecoxib) was intended and impliedly warranted the product to be of merchantable quality, and safe and fit for such use.

26. Plaintiff's decedent, Shirley Gray reasonably relied upon the skill and judgment of the Defendants as to whether Vioxx® (Rofecoxib) was of merchantable quality, and safe and fit for its intended use.

27. Contrary to such implied warranty, Vioxx® (Rofecoxib) was not of merchantable quality or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which they were intended and used as described above.

28. Defendants' conduct in this regard was the contributing cause of the Plaintiff's decedent's injuries and damages.

WHEREFORE, the Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus cost.

## COUNT V

29. Plaintiff realleges all prior paragraphs of the Complaint as if fully set out herein.

30. Defendants negligently, recklessly, intentionally and fraudulently made material misrepresentations that Vioxx® (Rofecoxib) was safe and effective. Defendants represented Vioxx® (Rofecoxib) as safe so that the general consuming public, including Plaintiff's decedent, would rely upon said representations when purchasing said product.

31. Prior to and following the introduction of Vioxx® (Rofecoxib) into the market as a prescribable pharmaceutical medication, Defendants set in motion a campaign to market its product. Defendants' representations made concerning Vioxx® (Rofecoxib) as a safe and effective drug were made so that Plaintiff's decedent and the general consuming public, would

6

rely on said representations and take this drug. In fact, Plaintiff's decedent did rely on Defendants' representations in this regard.

32. At the time Defendants made these representations, they were aware that these representations were false and/or made these representations with reckless disregard to their truth. As a result of Defendants' fraud and misrepresentation, Plaintiff's decedent suffered injuries and damages.

WHEREFORE, the Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus cost.

## DAMAGES

33. Upon the trial of this case, it will be shown that Plaintiff's decedent, Shirley Gray, was caused to sustain injuries and damages and eventual death as a direct and proximate result of Defendants' conduct individually, separately, and in concert; and Plaintiff will respectfully request the Court and jury to determine the amount of loss Plaintiff has suffered and incurred, in the past and in the future, not only from a financial standpoint, but also in terms of good faith, freedom from pain and worry, and loss of consortium.

34. At all times relevant herein, Defendants actually knew of the defective nature of their product as herein set forth and continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the public health and safety in conscious disregard of the foreseeable harm caused by this product. Defendants' conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill-will, recklessness, gross negligence, or willful or intentional disregard of the Plaintiff's

7

25.2005 12:52 FR HUGHES HUBB  Case 6:05-cv-06078-HFB  Document 1  Filed 11/07/05  Page 12 of 19 PageID #: 12
2015360795 TO 130124      387      P.09/10

2005 04:50:58 PM        April Worley        3349547555        Page 11

decedent's individual rights. The Plaintiff, therefore, is entitled to punitive damages from the corporate Defendants.

35. Plaintiff hereby requests a trial by jury on all issues in this case and hereby tenders the requisite jury fee simultaneously with this Complaint.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that:

1. Summons be issued and served;

2. the Defendants be cited to appear and answer herein;

3. that upon final trial herein, Plaintiff recovers damages as set forth above, <u>jointly and severally</u>, from Defendants, including cost of Court, pre-judgment and post-judgment interest at the legal rates;

4. and that Plaintiff has such other and further relief, both general and special, at law and in equity, to which he may be justly entitled under the facts.

/s/ Roman A. Shaul (ps#)
ROMAN A. SHAUL

**OF COUNSEL:**

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone (334) 269-2343
Fax    (334) 223-1236

**JURY DEMAND**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES.**

8

25 2005 12:32 FR HUGHES HUBBARD 2015360299 TO 15042415382 P.13/19
Case 6:05-cv-06078-HFB   Document 1   Filed 11/07/05   Page 13 of 19 PageID #: 13

05 04:51:18 PM         -April Worley         3349547555         Page 12

IN THE EIGHTEENTH JUDICIAL CIRCUIT COURT EAST
FOR GARLAND COUNTY, ARKANSAS

JOHN GRAY, individually and as
The Administrator of the Estate of
SHIRLEY GRAY, Deceased

    Plaintiff,

v.                                          CASE NO. CV-2005-932-III

MERCK & COMPANY, INC., a foreign           JURY TRIAL DEMANDED
Corporation; and fictitious defendants A,
B, C & D, Being those persons, firms or
corporations whose fraud, scheme to
defraud, and/or other wrongful conduct
caused, or contributed to the Plaintiff's
injuries and damages, and whose true
names and identities are presently
unknown to Plaintiff, but will be
substituted by amendment when
ascertained,

    Defendants.

*Served 10-11-05*
*9:30 AM*
*by FMcn*

## SUMMONS

This service by Sheriff of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the Arkansas Rules of Civil Procedure.

NOTICE TO:   Merck & Co. Inc.
             The Corporation Company,
             425 West Capitol Avenue,
             Suite 1700,
             Little Rock, Arkansas, 72201.

The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

J. Paul Sizemore
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160

the attorney for the Plaintiffs. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. *Vicki E. King*

DATED: 10-14-2005                            Garland County Circuit Clerk
                                             Circuit Clerk
                                             By: *Rosalie Worrell* D.C.

## IN THE CIRCUIT COURT OF GARLAND COUNTY, ARKANSAS

JOHN GRAY, individually and as  
The Administrator of the Estate of  
SHIRLEY GRAY, Deceased       )
                             )
    Plaintiff,               )         CASE NO. CV-2005-937-III
                             )
                             )
v.                           )
                             )
MERCK & CO., INC.,           )
                             )
    Defendant.               )
                             )

### NOTICE OF FILING OF NOTICE OF REMOVAL

Comes now Defendant Merck & Co., Inc. and gives notice that it has removed the above-captioned case to the United States District Court for the Western District of Arkansas, Hot Springs Division, by filing a Notice of Removal with the United States District Court on November 7, 2005. A copy of the Notice of Removal is attached hereto and incorporated herein by reference for filing.

                              Respectfully submitted,

                              JAMES M. SIMPSON, #77125
                              MARTIN A. KASTEN, #99100
                              FRIDAY, ELDREDGE & CLARK, LLP
                              400 West Capitol Avenue, Suite 2000
                              Little Rock, AR 72201-3493
                              (501) 376-2011
                              simpson@fec.net
                              mkasten@fec.net

                              Attorneys for Defendant
                              Merck & Co., Inc.

                              BY: _____
                                   MARTIN A. KASTEN

EXHIBIT 2

1

## CERTIFICATE OF SERVICE

I, Martin A. Kasten, do hereby certify that a true and correct copy of the foregoing was sent first-class U.S. Mail, postage prepaid, on this 4th day of November, 2005, to the following:

Roman A. Shaul
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, AL 36103-4160

_____
MARTIN A. KASTEN

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| JOHN GRAY, Individually and as the Administrator of the Estate of Shirley Gray <br><br> V. <br><br> Plaintiff, <br><br> MERCK & CO., INC., A Foreign Corporation; And Fictitious Defendants A, B, C & D, Being Those Persons, Firms or Corporations Whose Fraud, Scheme to Defraud, and/or Other Wrongful Conduct Caused or Contributed to the Plaintiff's Injuries and Damages, and Whose True Names and Identities are Presently Unknown to Plaintiff But Will Be Substituted By Amendment When Ascertained <br><br> Defendants. | § § § § § § § § § § §  CASE NO. _____ |

## NOTICE OF REMOVAL OF DEFENDANT MERCK & CO., INC.

PLEASE TAKE NOTICE that Merck & Co., Inc. ("Merck"), hereby removes this action pursuant to 28 U.S.C. § 1441 from the Circuit Court of Garland County, Arkansas, to the United States District Court for the Western District of Arkansas, and respectfully states to this Court as follows:

1. State Court Action. This is an action filed on or about June 14, 2005, in the Circuit Court of Garland County, Arkansas as number CV-2005-937-III on the docket of said court and styled *John Gray, Individually and as Administrator of the Estate of Shirley Gray v. Merck & Co., Inc.* Merck was served with process in this matter on October 11, 2005. Accordingly, removal is timely pursuant to 28 U.S.C. § 1446(b).

2.  <u>Jurisdiction</u>. Upon information and belief, Plaintiff is and was a citizen of the State of Arkansas. Merck is, and was at the time this suit was commenced, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey, and therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1). Accordingly, there is complete diversity between Plaintiff and Merck. The Complaint also includes a number of fictitious defendants, whose citizenships are ignored for removal purposes. 28 U.S.C. § 1441(a).

3.  <u>Amount in Controversy Satisfied</u>. It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000.00, exclusive of costs and interest. Plaintiff alleges that Plaintiff's deceased wife suffered a fatal heart attack as a result of ingesting VIOXX®. (Complaint at ¶ 4.) Plaintiff alleges fraud, negligence, products liability, and breach of warranty on the part of Merck. Plaintiff is seeking, without limitation, (1) compensatory damages for a fatal heart attack, and (2) punitive damages. (Complaint at ¶ 33, 34.) Suits alleging fraud and requesting punitive damages in Arkansas have been held to satisfy the amount in controversy. *See Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001 (W.D. Ark. 1996) (suit for fraud, negligence, and breach of warranty that alleged punitive damages was sufficient to satisfy amount in controversy threshold). In addition, federal courts around the country have ruled that federal diversity jurisdiction exists in similar actions

alleging personal injuries caused by VIOXX®. *See, e.g., Stubblefield v. Merck & Co., Inc.*, CIV-No. H-02-3139 (S.D. Tex. Oct. 8, 2002); *Zeedyk v. Merck & Co., Inc.*, No. 02-C-4203 (N.D. Ill. Aug. 30, 2002); *Abrusley v. Merck & Co., Inc.*, No. 02-0196 (W.D. La. June 18, 2002); *Jones v. Merck & Co., Inc.*, Civ. No. 02-00186 (D. Haw. June 5, 2002). These courts were all presented with complaints seeking actual damages for injuries caused by VIOXX® and all found that the requirements for federal diversity jurisdiction, including the amount in controversy, were satisfied.

4. <u>Venue</u>. Venue of this removal is proper under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

5. <u>State Court Documents attached</u>. As required by 28 U.S.C. § 1446(a), attached as Exhibit 1 are copies of all process, pleadings, and orders served upon defendant in the removed case.

6. <u>State Court Notice</u>. Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this action has been given simultaneously to Plaintiff's counsel, and a Notice of Filing of Notice of Removal is simultaneously being filed with the Circuit Court of Garland County, Arkansas. A true and correct copy of this Notice is attached hereto as Exhibit 2.

7. <u>Relief Requested</u>. Merck respectfully requests that the United States District Court for the Western District of Arkansas, Hot Springs Division,

accept this notice of removal and that it assume jurisdiction of this cause and issue such further orders and processes as may be necessary to bring before it all parties necessary for trial.

    Respectfully submitted,

    JAMES M. SIMPSON, #77125
    MARTIN A. KASTEN, #99100
    FRIDAY, ELDREDGE & CLARK, LLP
    400 West Capitol Avenue, Suite 2000
    Little Rock, AR 72201-3493
    (501) 376-2011
    simpson@fec.net
    mkasten@fec.net

    Attorneys for Defendant
    Merck & Co., Inc.

By: _____
    MARTIN A. KASTEN

## CERTIFICATE OF SERVICE

I, Martin A. Kasten, do hereby certify that a true and correct copy of the foregoing was sent first-class U.S. Mail, postage prepaid, on this __4th__ day of November, 2005, to the following:

Roman A. Shaul
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, AL 36103-4160

_____
MARTIN A. KASTEN

4